{¶ 22} I respectfully dissent. Based upon the direct language in the policy and the renewal invoice, I would find that the policy had lapsed. Because the policy lapsed, there was no need for the insurance company to send a notice of cancellation. *Page 9 
 {¶ 23} In Blackwell v. Farmers Ins. Exch., 4th Dist. No. 05CA3,2005-Ohio-3499, the court engaged in a lengthy discussion regarding the difference between "cancellation" and "non-renewal." "Black's Law Dictionary (6Ed. 1990) *** defines `cancellation' as follows: `To destroy the force, effectiveness, or validity of. To annul, abrogate, or terminate. *** As used in insurance law, the term refers to the termination of an insurance policy by an act of either or both of the parties to it, prior to the ending of the policy period.' Id."Blackwell, supra.
 {¶ 24} "Employing the plain meaning of `cancellation,' we do not believe that it carries the same meaning as non-renewal in this situation. Thus, Farmers' cancellation provision does not apply when the policy expires due to the insured's failure to pay the renewal premium. Neither appellant nor Farmers acted before the policy period ended so as to terminate the policy. Instead, appellant failed to act, which caused the policy to end. Neither [appellant] nor Farmers affirmatively sought to terminate the policy before the policy period ended. Thus, what resulted was not a cancellation subject to the cancellation provisions." Id.[1]
 {¶ 25} A review of the terms between the parties demonstrates that the insurance policy had lapsed due to Great Lakes' failure to pay the renewal premium (non-renewal). *Page 10 
 {¶ 26} The 2006-2007 policy states that "with our consent, you may continue this policy in force by paying a continuation premium for each successive one-year period. *** This premium must be paid to us prior to the anniversary date. *** If you do not pay the continuation premium, this policy will expire on the first anniversary date that we have not received a premium." Clearly, the original policy dictates that the policy expires in one year if a new premium is not paid.
 {¶ 27} The March 16, 2007 invoice for the renewal premium stated: "The above policy(ies) will not be in force for the renewal period shown above if you do not pay at least the minimum payment by the due date." This invoice made it clear that the policy would lapse if Great Lakes did not pay the premium.
 {¶ 28} Despite this direct language in the policy and renewal invoice, and despite its failure to pay any renewal premium, Great Lakes claims that the policy was renewed for another year because the insurance company sent it a "renewal policy."
 {¶ 29} The insurance company admits that it sent the renewaldeclarations page in anticipation of renewal. The record shows that arenewal declarations page, not a renewal policy was sent. It is unrealistic for Great Lakes to assume it was covered because it received the declaration page, particularly when it did not pay any renewal premium, and when the declaration page stated, "in return for thepayment of the premium, *** we agree with you to provide the insurance as stated in this Policy." (Emphasis added.) Clearly, the renewal declaration is not a renewal *Page 11 
policy and, even if it was, it states that renewal is dependent upon payment of the renewal premium.
 {¶ 30} Here, Great Lakes failed to act, as was required pursuant to its original 2006-2007 policy, and pursuant to the renewal documents it received from the insurance company in early 2007. Neither the insurance company nor Great Lakes sought to cancel the policy; therefore, what resulted was not subject to the cancellation provisions.
 {¶ 31} I would find that Great Lakes never paid its renewal premium, allowing its policy to lapse. Because the policy lapsed, there was no policy in effect for at least 90 days, and there was no need for the insurance company to send a notice of cancellation under R.C. 3937.25. Accordingly, I would sustain the insurance company's assignments of error.
[1] I agree with the majority that Blackwell involved homeowner's insurance, rather than commercial insurance. However, I find the case useful for its discussion on the difference between the terms `cancellation' and `non-renewal,' which would apply in any insurance case. *Page 1